## In Re WILSON'S ESTATE
## TAYLOR *v.* WILSON

### No. 3121

May 1, 1936.                    56 P. (2d) 1207.

For former opinion, see 56 Nev. 353, 53 P. (2d) 339.

*F. Raffetto* and *J. M. Frame,* for Appellant.

*George L. Sanford,* for Respondent.

## ·OPINION

By the Court, TABER, J.:

■ In our former opinion nothing was said concerning the competency of respondent as a witness. In appellant's petition for rehearing it is asserted that, because Mrs. Wilson was dead, respondent was not a competent witness, because of the provisions of section 8966 N. C. L. At the hearing in the district court, appellant found herself in a position where she must either have a material portion of her testimony stricken under the provisions of said section, or withdraw her objection to respondent's competency. She chose to have her own testimony remain, and expressly withdrew her objection to respondent's competency. She is not, therefore, in a position to now urge upon this court any objection to the competency of respondent as a witness in the lower court.

■■ Respondent testified that the first time he knew of Mrs. Wilson's having taken the deed to the Marsh avenue property in her own name as the wife of George P. Wilson, was after she commenced suit against him for divorce in the fall of 1933. Appellant contends that even if said testimony was true as to actual knowledge, which she denies, he must be regarded in the law as having had knowledge after the recording of the deed in 1926. Section 1497 N. C. L. reads: "Every such conveyance or instrument of writing acknowledged or proved and certified, and recorded in the manner prescribed in this act, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice." In her petition for rehearing appellant says that the recorded deed "noticed the whole world, including the respondent, George Wilson, and stands as a conclusive presumption that respondent did have such knowledge." It is not our understanding, however, that the statute gives notice to all persons in

all situations. As was said by this court in the case of Wilson v. Wilson, 23 Nev. 267, 45 P. 1009, 1010, "We are satisfied, however, that the statute of this state concerning records (section 2594, Gen. St.) is not intended to impart notice other than to subsequent purchasers and mortgagees. McCabe v. Grey, 20 Cal. [509] 516."

As one fact tending to prove that the Marsh avenue property in Reno was separate property, petitioner points out that the taxes on said property were assessed to Mrs. Wilson. But while it is true that the property was assessed in her name, the record shows that the taxes were actually paid out of the funds of N. C. Prater Company, and, as stated in our former opinion, the Marsh avenue property was purchased, not with the separate funds of Mrs. Wilson, but with funds from the two joint savings account deposits in the names of Mr. and Mrs. Wilson.

■■ Petitioner contends that the statement quoted in our former opinion from Mr. Wilson's affidavit, filed in support of his application for change of place of trial in the divorce suit commenced by Mrs. Wilson in October, 1933, is a statement of fact and not merely the opinion of the affiant. The statement in question is in the following words: "That the said action is for divorce and does not affect any real property or estate right or interest therein in Washoe County or in any other county other than Storey County, Nevada." When the affidavit containing said statement was offered in evidence, respondent's counsel objected to its admission in these words: "That is a conclusion and we object to that statement." If respondent, as a witness, had been asked by his counsel, "Mr. Wilson, does this action for divorce now before the court affect any real property or estate right or interest therein in Washoe County or in any county other than Storey County?" the court would undoubtedly have sustained an objection to such question upon the ground that it calls for a legal conclusion. However, the statement in question was presented to the lower court, and comes before us now, in an affidavit, and it is impossible for us, as it

must have been for the district court, to know just what respondent had in mind when he made the statement. He may have meant, as contended by petitioner, that the divorce action did not affect any real estate in Washoe County, for the reason that the Marsh avenue property was the separate property of Mrs. Wilson; or because (as he testified he thought) said property stood in the name of N. C. Prater Company, as did the dozen or more other pieces of real property in Virginia City; or for some other reason. The affidavit did not make any direct or positive statement as to whether any property in Washoe County was community property, separate property, property held in joint tenancy, or property belonging to N. C. Prater Company. Statements, apparently legal conclusions or opinions, sometimes include implied statements of fact. But in our opinion the statement under discussion does not, by necessary implication, include any factual statement to the effect that there was no community property in Washoe County, or that the Marsh avenue property was the separate property of Mrs. Wilson. Inasmuch, however, as it is not clear that the statement in question was merely an opinion or legal conclusion, but might have been intended as a statement of fact, we think the affidavit was properly admitted in evidence. The lower court had the right to consider it in connection with all the other evidence, and to determine the weight to be given it. The statement in our former opinion to the effect that it would have constituted reversible error had the court excluded said affidavit, is to be disregarded, since, as the affidavit was admitted, it is unnecessary to decide whether its exclusion would have called for a reversal.

While the views here set forth modify to some extent those in our former opinion relating to respondent's affidavit, they do not, in our opinion, justify a rehearing in this case.

Other points presented by the petition for rehearing have been carefully considered, but we are still satisfied that the court would not be justified in setting aside

(a) the finding of the lower court that no community property was converted into separate property, or (b) the finding that respondent did not forfeit any rights under the provisions of section 3364 N. C. L.

The petition for rehearing is denied.

For former opinion, see 56 Nev. 346, 53 P. (2d) 625.